IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

UNUM LIFE INSURANCE                                                                                           PLAINTIFF
COMPANY OF AMERICA

v.                                         No. 1:08CV00052 JLH

LARRY K. DAVIS                                                                                                  DEFENDANT

**OPINION AND ORDER**

This is an ERISA action in which Unum Life Insurance Company of America ("Unum") seeks to recover $34,322.37 from Larry K. Davis for overpayment of long-term disability benefits. Unum argues that its long-term disability plan included a provision for reimbursement of overpayment, that Davis was overpaid under the plan, and that Unum is entitled to equitable relief in the amount of the overpayment pursuant to 29 U.S.C. § 1132(a)(3)(B). Davis does not deny that he collected disability benefits in excess of what was owed to him under the plan; he contends, however, that he is not required to reimburse Unum for the overpayment because Unum is seeking legal–not equitable–relief, which is not available under section 502(a)(3) of ERISA. The parties have submitted an administrative record and briefed the issue. The facts are undisputed; the only issue presented is one of law. For the following reasons, the Court agrees with Unum's determination that Davis must reimburse Unum for the overpayment of disability benefits.

**I.**

At all times relevant to this lawsuit, Larry K. Davis was employed by Entergy Services, Inc. ("Entergy") and was a beneficiary of Entergy's long-term disability plan issued by Unum. (Adm. R. 50-86.) According to the terms of the plan, Unum may subtract from a beneficiary's gross disability payment "deductible sources of income." (Adm. R. 66.) Deductible sources of income include pension benefits the beneficiary has received and Social Security disability benefits the

beneficiary is entitled to receive.  (*Id.*)  The plan also provides Unum with the "right to recover any overpayments due to . . . [the beneficiary's] receipt of deductible sources of income. [The beneficiary] must reimburse [Unum] in full."  (Adm. R. 55.)

On January 11, 2006, Davis made a request for long-term disability benefits.  (Adm. R. 30.)  Unum approved his request on February 17, 2006.  (Adm. R. 126.)  In September 2007, Davis was awarded disability benefits through the Social Security Administration.  (Adm. R. 379.)  Davis received $29,116 in benefits due for March 2006 through August 2007 and $1,943 per month in September, October, and November.  (*Id.*)  On December 1, 2007, Davis received $1,489.23 in monthly pension benefits through Entergy's Retirement Center.  (Adm. R. 349, 364.)

Unum calculated the amount of its overpayment to Davis based on his receipt of Social Security disability and pension benefits.  (Adm. R. 371-72.)  The amount of overpayment for the period beginning in March 2006 and continuing through December 18, 2007, totaled $34,572.37.  (*Id.*)  In a letter dated December 26, 2007, Unum told Davis about the overpayment, provided the calculation, and requested that Davis reimburse Unum for the overpayment amount "in accordance with the Disability Payment Options form you signed on February 27, 2006."  (Adm. R. 366-72.)  Unum also informed Davis that his disability benefits would be reduced to fifty dollars per month.  (Adm. R. 366.)  One month later, after Davis failed to respond, Unum sent Davis another letter reminding him of the overpayment, requesting reimbursement, and informing him that Unum would "begin applying your full monthly benefit to the overpayment."  (Adm. R. 399.)  After making several attempts to collect the reimbursement from Davis, Unum filed this lawsuit.

## II.

Unum has brought this action pursuant to the enforcement provision of ERISA, section 502(a)(3), 29 U.S.C. § 1132(a)(3).  That provision states in pertinent part:

2

>A civil action may be brought–
>
>(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3) (2006) (emphasis added). There is no dispute that Unum is a fiduciary under ERISA or that its lawsuit is designed to enforce the overpayment provision of the long-term benefits plan. The only question, then, is whether the relief Unum requests is "equitable" under section 502(a)(3)(B) of ERISA.

In *Sereboff v. Mid Atlantic Medical Services, Inc.*, the United States Supreme Court addressed whether and when an ERISA fiduciary could sue a beneficiary for reimbursement. 547 U.S. 356, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (2006). Specifically, the Court determined that a fiduciary could sue a beneficiary for reimbursement of medical expenses paid by the ERISA plan where the beneficiary had recovered for its injuries from a third party and the health insurance plan had a third-party reimbursement provision. *Id.* at 363-68, 126 S. Ct. at 1874-77. "Important to the Court's decision was the fact that the plan's third-party reimbursement provision 'specifically identified a particular fund, distinct from the [beneficiaries'] general assets . . . and a particular share of that fund to which [the fiduciary] was entitled.' " *Disability Reins. Mgmt. Servs., Inc. v. DeBoer*, No. 2:06-CV-21, 2006 WL 2850120, at *3 (E.D. Tenn. Sept. 29, 2006) (quoting *Sereboff*, 547 U.S. at 364, 126 S. Ct. at 1875)). Thus, the Court refused to impose a strict tracing requirement on fiduciaries and instead determined that a claim for reimbursement from a specified fund is one for "appropriate equitable relief." *Sereboff*, 547 U.S. at 364-65, 369, 126 S. Ct. at 1875-76, 1878.

Following *Sereboff*, the Eighth Circuit Court of Appeals held that a claim for reimbursement for overpayments resulting from the receipt of Social Security benefits constituted a claim for

3

equitable relief. *Dillards v. Liberty Life Assurance Co. of Boston*, 456 F.3d 894, 901 (8th Cir. 2006). According to the court, the claim was equitable because the fiduciary sought "a particular share of a specifically identified fund–all overpayments resulting from the payment of social security benefits." *Id.* Likewise, in 2007, this Court relied on the Eighth Circuit's holding and determined that a fiduciary was entitled to reimbursement of the overpayment made to a beneficiary as a result of the beneficiary's award of Social Security Disability benefits. *Kagen v. Hartford Life & Accident Ins. Co.*, No. 1:04CV0074, 2007 WL 2326047, at *6 (E.D. Ark. Aug. 13, 2007). *Dillards v. Liberty Life* is directly on point and is binding precedent.

The facts in this case are identical to those described above. Entergy's long-term disability benefits plan calls for the deduction of Social Security disability and pension benefits from the benefits received under the plan. Because Unum seeks a " 'specifically identified fund–all overpayments resulting from the payments of Social Security [and pension] benefits' "–the claim is one for equitable relief and is permissible under ERISA. *DeBoer*, 2006 WL 2850120, at *4.

## CONCLUSION

For the reasons stated above, Unum is entitled to restitution of the overpayment in the amount still owed as of this date.

IT IS SO ORDERED this 9th day of December, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE